# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| JONATHAN LEE BABB, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) No.  2:21-CV-163 |
| v. | ) |
| | ) Judge Atchley |
| OFFICER C. HALL and SCOTT | ) |
| COUNTY VA SHERIFF'S | ) Magistrate Judge Wyrick |
| DEPARTMENT, | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM OPINION

The Court is in receipt of a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1].  In his complaint, Plaintiff names Officer C. Hall of Scott County, Virginia and the Scott County, Virginia Sheriff's Department as Defendants and claims that Defendant Officer C. Hall used excessive force against him in an incident that will be on "Scott County Courthouse security video" [Doc. 2 p. 1–4].

The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)–(3).  A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice."  28 U.S.C. § 1406(a).

As set forth above, it is apparent that Plaintiff's complaint arises out of an incident that took place in Scott County, Virginia, which lies within the Big Stone Gap Division of the Western District of Virginia.  28 U.S.C. § 127(b); http://www.vawd.uscourts.gov/court-information/where-to-file.aspx.  The Court therefore concludes that the proper venue for this case is the Big Stone Gap Division of the Western District of Virginia.  *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties).

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Big Stone Gap Division of the Western District of Virginia and to close this Court's file.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

*/s Charles E. Atchley, Jr.*_____
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**